UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff/Petitioner,*<br><br>v.<br><br>KELVIN BOON, LLC and<br>RAJESH PAVITHRAN,<br><br>*Defendants/Respondents.* | Case No. 1:25-cv-1250 |

**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR AN ORDER ENFORCING COMPLIANCE WITH A COMMISSION ORDER
PURSUANT TO SECTION 20(c) OF THE SECURITIES ACT OF 1933 AND
SECTION 21(e)(1) OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff/Petitioner Securities and Exchange Commission (the "Commission") respectfully applies to the Court for and requests an order, pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c) and Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), to enforce compliance by Defendants/Respondents Kelvin Boon, LLC ("Boon.Tech") and Rajesh Pavithran ("Pavithran") (collectively, "Defendants/Respondents") with the Commission's Order to Institute Administrative and Cease and Desist Proceedings entered against them on August 13, 2020 (the "Order").  In support of this application (hereinafter "Application"), the Commission states as follows:

**INTRODUCTION**

1.     The Commission seeks by this Application to enforce the Commission's Order, which found that Boon.Tech and Pavithran willfully violated Sections 5(a), 5(c), and 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

1

2. Boon.Tech has failed to pay the disgorgement amount set forth in and imposed by the Order, and Pavithran has failed to pay the civil penalties set forth in and imposed by the Order. Boon.Tech.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Rajesh Pavithran, age 51, is the founder and Chief Executive Officer of Boon.Tech and a resident of Herndon, Virginia. Pavithran has never held securities licenses or been associated with any entity registered with the Commission in any capacity

5. Kelvin Boon, LLC, is a Virginia limited liability company headquartered in Herndon, Virginia, and does business under the name Boon.Tech. Neither Boon.Tech nor its securities are registered with the Commission. Boon.Tech is a small business, with less than $5 million in assets.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under Section 20(c) and 22(a) of the Securities Act, Sections 21(e)(1) and 27(a) of the Exchange Act.

7. Venue lies in the United States District Court for the Eastern District of Virginia under Section 22(a) of the Securities Act, Section 27(a) of the Exchange Act, as individual Respondent Pavithran is an "inhabitant" of this District and Respondent Boon.Tech is a corporation incorporated in this District.

## STATEMENT OF RELEVANT FACTS

8. On August 13, 2020, the Commission issued the Order making findings and imposing remedial sanctions and injunctive relief on consent against Boon.Tech. The Order

required Boon.Tech to pay disgorgement of $5,000,000 with pre-Order interest of $600,334.50, plus interest, pursuant to Commission Rule of Practice 600; and the Order required Pavithran to pay a civil penalty of $150,000, plus interest, pursuant to 31 U.S.C. § 3717. *See* Declaration of Carol E. Schultze, attached hereto as Exhibit 1 (hereinafter "Schultze Decl.") 1.  Since the Order was issued on August 13, 2020, Boon.Tech has made one payment of $7,000 towards its disgorgement obligation. *See* Schultze Dec. ¶5.

9. Defendants did not seek review of the Order, and their time to do so has expired. *See* 15 U.S.C. § 77i(a).

## ARGUMENT

10. The Commission brings this proceeding under Section 20(c) of the Securities Act and Section 21(e)(1) of the Exchange Act.  These provisions of the federal securities laws authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in federal district courts.

11. Proceedings under these provisions are summary in nature.  *See e.g., SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003).  In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

12. In such proceedings, the Defendant/Respondent may not challenge the validity of the Order the Commission seeks to enforce.  *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006).  *See e.g., SEC v. Morley, et al.*, Case No. 1:18-cv-03658-CCB (D. Md. Feb. 15, 2019) (attached) (enforcing compliance with SEC Order pursuant to Section 21(e) of the Exchange Act and Section 42(d) of

the Investment Company Act of 1940, 15 U.S.C. § 81(d).) "By the time a [Section] 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy*, 322 F.3d at 658.

13. This proceeding, therefore, is properly commenced by service of this Application, supporting papers, and an order to show cause, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

WHEREFORE, the Commission respectfully requests:

### I.

That this Court enter the Proposed Order to Show Cause, filed herewith, directing Defendants/Respondents Boon.Tech and Pavithran to show cause why this Court should not enter an order enforcing their compliance with the Commission Order.

### II.

That this Court thereafter enter an Order and Final Judgment enforcing the Commission Order and requiring:

a. Boon.Tech to pay the remaining disgorgement balance in the amount of $5,593,334.50, plus pre-Order interest accrued pursuant to SEC Rule of Practice 600 and 31 U.S.C. § 3137 from August 13, 2020, the date of the Commission Order, to the date that this Court enters its Order and Final Judgment;

b. Pavithran to pay the $150,000 civil money penalty set forth in the Order, plus interest accrued pursuant to 31 U.S.C. § 3137 from August 13, 2020, the date of the Commission Order, to the date that this Court enters its Order and Final Judgment; and

c. Compliance with the Injunctive Relief as to both Boon.Tech and Pavithran, as set forth in the Commission Order.


III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated: July 29, 2025

Respectfully submitted,

*s/Nicholas C. Margida*
Nicholas C. Margida (VSB No. 73176)
Carol Schultze
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
margidan@sec.gov
Telephone: 202-551-8504 (Margida)
*Counsel for Plaintiff/Petitioner*